UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA GARCIA, an individual, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ISLAND HOSPITALITY MANAGEMENT III, LLC, a Delaware corporation; and, DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 8:24-cv-00583-DOC-ADS<br><br>**ORDER GRANTING PLAINTIFF TERESA GARCIA AND DEFENDANT ISLAND HOSPITALITY MANAGEMENT III, LLC'S NOTICE OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [15]** |

   Plaintiff Teresa Garcia ("Plaintiff") and Defendant Island Hospitality Management III, LLC ("Defendant") (collectively, the "Parties") filed a Joint Motion for Preliminary Approval of Class Action Settlement seeking preliminary approval of the class action settlement terms set forth in the Parties' concurrently filed Joint Stipulation of Class Action Settlement and Release of Claims (the "Agreement"). That matter came on for hearing before this Court in Courtroom 10A on July 15, 2024.

   Plaintiff appeared and argued through her counsel, Jose Garay of Jose Garay, APLC. Defendant appeared and argued through its counsel, Brian T. Ashe and Michael Afar of Seyfarth Shaw LLP.

   The Honorable David O. Carter presided at the hearing.

   The Court, having considered the Parties' Joint Motion for Preliminary Approval of Class Action Settlement and finding good cause therefor, hereby GRANTS the preliminary approval and ORDERS as follows:

## I. **THE AGREEMENT HAS BEEN THOROUGHLY EVALUATED AND DETERMINED TO BE FAIR AND ADEQUATELY SUPPORTED**

   1. The Parties have adequately and thoroughly investigated the facts relating to the claims alleged in this matter and have made a thorough study of the legal principles applicable to the claims asserted against Defendant. Based on the factual and legal issues involved, the expense and time necessary to prosecute this matter through trial, the risks, uncertainty, and costs of further prosecution, the difficulty of proof necessary to establish a class for purposes of liability, and the relative benefits to the Class of an expeditious resolution, the Parties have entered into the Agreement.

   2. Based on Class Counsel's experience in wage and hour law and class action litigation, Class Counsel is of the opinion that the terms set forth in the Agreement are fair, reasonable, adequate, and in the best interests of the Class Members.

   3. The Parties desire to fully, finally, and forever settle, compromise, and discharge any and all claims, rights, demands, charges, complaints, causes of action, obligations, or liability of any and every kind that were or could have been asserted in

this Action, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in the Operative Complaint filed in this Action.

## II.   **THE AGREEMENT IS FAIR, REASONABLE, AND ADEQUATE**

4.     The Court **PRELIMINARILY APPROVES** the Agreement, including all exhibits thereto, as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval.  The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Agreement to persons in the Settlement Class and a full hearing on the approval of the Agreement.

5.     The Court further preliminarily finds that the terms of the Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member.

## III.   **SETTLEMENT CLASS CERTIFICATION**

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court **PRELIMINARILY APPROVES**, for settlement purposes only, a Settlement Class consisting of means "all current and former non-exempt employees who worked for Defendant in the State of California during the Class Period."  The "Settlement Class" shall not include any person who submits a timely and valid Request for Exclusion as provided in the Agreement. The "Class Period" is the period from September 6, 2019 through the date the Court enters this Order.

7.     The Settlement Class is preliminarily and conditionally certified solely for purposes of settlement.

8.     Plaintiff is preliminarily and conditionally appointed as the Class Representative solely for purposes of settlement.

9.     Jose Garay of Jose Garay, APLC is preliminarily and conditionally appointed as Class Counsel for purposes of settlement.

10.    With respect to the provisionally-certified Class for settlement purposes, if

the Agreement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Agreement shall have no bearing on, and will not be admissible in connection with the issue of whether a class should be certified in this action in a non-settlement context. The Court's findings are for purposes of conditionally certifying a Settlement Class and will not have any claim, issue, or evidentiary preclusion or estoppel effect in any other action against the Parties, or in this Action if the Agreement is not finally approved.

11. The Court hereby approves the PAGA "Aggrieved Employees" group defined under the Agreement as "Class Members employed by Defendant from July 3, 2022 through the date the Court enters a Preliminary Approval Order." The "PAGA period" is the period from July 3, 2022 through the date the Court enters this Order.

## IV. FIRST AMENDED COMPLAINT DEEMED FILED

12. The First Amended Complaint, attached as Exhibit C to the Agreement, is deemed filed as of the date the Court enters this Order. Defendant will not be required to file an answer or other responsive pleading to the First Amended Complaint. Defendant does not impliedly or expressly waive any arguments or defenses to the First Amended Complaint.

## V. MONETARY RELIEF TO BE PROVIDED TO THE SETTLEMENT CLASS

13. Defendant has agreed to pay up to a maximum potential Gross Settlement Amount of $140,000. The $140,000 Gross Settlement Amount is inclusive of all Individual Settlement Payments made to Class Members, all Settlement Administration Costs, all payroll taxes (including both the employees' and the employers' share of payroll taxes), the Class Representative Incentive Payment, the LWDA Payment, and attorneys' fees and costs.

14. This Agreement shall be a non-reversionary Settlement. Each Class Member shall be entitled to an Individual Settlement Payment consisting of their share of the Net Settlement Amount, in accordance with the formula set forth below.

15. The Court **PRELIMINARILY APPROVES** this monetary settlement. The Court finds that this Agreement, with no reversion of unclaimed funds to the employer, to be fair, reasonable, and adequate under the circumstances.

## VI. CLAIM CALCULATIONS FOR SETTLEMENT PAYMENTS

16. Provided that they do not submit a timely Request for Exclusion to opt out of the Settlement, each Class Member will be eligible to receive a portion of the Net Settlement Amount in accordance with the following formula:

> Each Class Member's potential share of the Net Settlement Amount will be calculated by dividing the number of Weeks Worked by the Class Member by all Weeks Worked during the Class Period by all Class Members, multiplied by the Net Settlement Amount [i.e., (individual Weeks Worked ÷ total Weeks Worked by Class Members) x Net Settlement Amount].

17. Each Class Member's Individual Settlement Payment will be characterized as 80% Form 1099 income and 20% Form W-2 income, to reflect that 80% of the payment will account for penalties and interest, while 20% will account for unpaid wages.

18. The settlement check will include language indicating that endorsing and cashing the check will constitute a release of claims under the California Labor Code, California Unfair Competition Law, and PAGA, for any and all claims asserted or that could have been asserted based on the facts alleged in the Action. The language to be included will be substantially similar to the following:

> My signature or cashing of this check constitutes a full and complete release of Island Hospitality Management III, LLC, and all of their current or former subsidiary or affiliated entities, and their current or former officers, directors, and employees, for any and all claims asserted or that could have been asserted based on the facts alleged in the operative First Amended Complaint in the lawsuit entitled Teresa Garcia v. Island Hospitality Management III, LLC, pending in the United States District Court, Central District of California, Case No. 8:24-cv-00583-DOC-ADS including the claims brought under the California Labor Code, California Unfair Competition Law, or PAGA, arising during my employment at any time between September 6, 2019, through the date the Court enters a Preliminary Approval Order.

VII. **RELEASE OF CLAIMS BY CLASS MEMBERS**

19. The monetary relief described herein is provisionally and conditionally approved as adequate and valuable consideration in support of the release of all known and unknown claims as set forth in the Agreement.

20. Specifically, the Court **PRELIMINARILY APPROVES** the proposed release by Class Members, which provides that by operation of the entry of the Final Approval Order and judgment, each Class Member, and each of their respective executors, administrators, representatives, agents, heirs, successors, assigns, trustees, spouses, or guardians, will release Defendant and each of the Released Parties of and from any and all claims, rights, demands, charges, complaints, causes of action, obligations, or liability of any and every kind between September 6, 2019 through the date the Court enters this Order, for any and all claims that were raised or could have been raised based on the factual allegations made in the operative First Amended Complaint. This includes claims for (1) Failure to Pay All Wages Including Minimum and Overtime Wages; (2) Failure to Provide Meal Periods; (3) Failure to Provide Rest Periods; (4) Failure to Reimburse for Necessary Business Expenditures; (5) Failure to Provide Accurate Itemized Wage Statements; (6) Waiting Time Penalties; (7) Violation of California's Quota Laws; (8) Unfair Business Practices; and (9) Penalties Under Private Attorneys General Act, Labor Code § 2698 et seq. for alleged violations of Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, 1198, 2802, the California Industrial Welfare Commission Wage Order, and California Code of Regulations, Title 8, section 11010, subdivisions 7, 11, and 12; (10) claims arising out of alleged violations of the California Labor Code sections 200, 201, 202, 203, 204, 206, 216, 218.5, 218.6, 226, 226.2, 226.3, 226.7, 226.8, 227.3, 246, 351, 510, 512, 516, 558, 1174, 1182.12, 1194, 1194.2, 1197, 1198, 1199, 2100-2112, 2698-2699.5, 2802, and California Industrial Welfare Commission Wage Order No. 5-2001; (11) penalties of any nature; (12) interest; (13) attorneys' fees and costs; and (14) any other claims arising out of or related to the First Amended Complaint filed in the Action,

as well as Plaintiff's June 26, 2023 LWDA letter, through the date the Court enters this Order.

21. Class Members employed by Defendant from July 3, 2022 through the date the Court enters this Order are "Aggrieved Employees" under PAGA for purposes of this Agreement. Aggrieved Employees who exclude themselves from the Class portion of this Agreement shall still receive an individual settlement payment under PAGA. All Aggrieved Employees, and each of their respective executors, administrators, representatives, agents, heirs, successors, assigns, trustees, spouses, or guardians, will release Defendant and each of the Released Parties of and from any and all claims, rights, demands, charges, complaints, causes of action, obligations, or liability of any and every kind between July 3, 2022 through the date the Court enters this Order, for any and all PAGA claims that were raised or could have been raised based on the factual allegations made in the operative First Amended Complaint.

### VIII. PROPOSED CLAIMS ADMINISTRATOR, CLASS NOTICE, AND PROCEDURES FOR OPTING OUT OR FILING A NOTICE OF OBJECTION

#### A. Appointment of Claims Administrator

22. The Court **PRELIMINARILY APPROVES** and appoints Phoenix Class Action Administrative Solutions as the third-party Settlement Administrator.

23. Within 21 calendar days of the entry of this Order, Defendant shall provide to the Settlement Administrator with the following information: (1) name of each Class Member; (2) most current known address of each Class Member; (3) social security number of each Class Member; and (4) the dates of employment for each Class Member and/or weeks worked by each Class Member, in order to determine the total number of Weeks Worked by each Class Member during the Class Period.

24. The Settlement Administrator shall keep the data provided by Defendant strictly confidential and shall use it only for the administration of the Settlement. The Settlement Administrator shall return the data to Defendant or confirm its destruction upon completion of the Settlement Administrator's duties in administering the

Settlement.

25. By not later than 75 calendar days after the initial mailing of the Notice of Class Action Settlement and Request for Exclusion, the Settlement Administrator will prepare and submit a declaration attesting to (by number of relevant individuals), its mailing of Class Notice, its inability to deliver any mailing due to invalid addresses, and its receipt of valid Requests for Exclusion. If needed, fourteen (14) calendar days prior to the Final Fairness Hearing, the Settlement Administrator will prepare a supplemental declaration to submit to the Court, to indicate the number of valid timely claims, objections, and opt out Requests for Exclusion. In the event the Settlement Administrative Costs exceed $13,000, the Parties will jointly request an additional amount and seek Court approval.

**B.  Approval of Notice of Class Action Settlement and Request for Exclusion Procedures**

26. The Court **PRELIMINARILY APPROVES** the content and form of the proposed Notice Of Settlement Of Class Action, attached hereto as Exhibit A, as fair, reasonable, and adequate.

27. The Court **PRELIMINARILY APPROVES** the content and form of the proposed Request for Exclusion, attached hereto as Exhibit B, as fair, reasonable, and adequate.

28. The Court **PRELIMINARILY APPROVES** the mailing of Notice Of Settlement Of Class Action proposed by the Parties as fair, reasonable, and adequate. The Settlement Administrator shall mail the Notice of Settlement Of Class Action and the Request for Exclusion, to Class Members within 14 calendar days of receiving the Class Member data from Defendant.

29. The Settlement Administrator shall send the Notice of Class Action Settlement, and Request for Exclusion to Class Members via First Class U.S. Mail, using the most current, known mailing address for each Class Member based on information provided by Defendant. Upon receipt of this information from Defendant, the Settlement

Administrator shall perform a search based on the National Change of Address Database maintained by the United States Postal Service to update and correct any known or identifiable address changes.

30. **Proof of Mailing**. At least 14 calendar days prior to the Final Fairness Hearing, the Settlement Administrator shall provide a declaration of due diligence and proof of mailing with regard to mailing of the Notice of Class Action Settlement to Class Counsel and Defendant's Counsel, which they shall in turn provide to the Court.

C. **Approval of Class Members' Options To Respond**

31. The Court **PRELIMINARILY APPROVES** the Class Members' Options to Respond proposed by the Parties in the Agreement as fair, reasonable, and adequate. Class Members shall be provided 45 calendar days to exercise any rights with regard to the Settlement, following the postmark date of the initial mailing of the Notice of Class Action Settlement and Request for Exclusion. No Class Member responses of any kind that are postmarked more than 45 calendar days after the initial mailing of Class Notice shall be considered.

32. The Court **PRELIMINARILY APPROVES** the method for Class Members to object or opt out as from the settlement proposed by the Parties in the Agreement as fair, reasonable, and adequate. The Court **PRELIMINARILY APPROVES** the content and form of the proposed Request for Exclusion From, attached hereto as Exhibit B, as fair, reasonable, and adequate.

IX. **AGREEMENTS REGARDING CLASS REPRESENTATIVE INCENTIVE PAYMENT AND PAYMENT OF ATTORNEYS' FEES**

33. Class Counsel intends to request—and Defendant has agreed not to oppose—that the Court approve a Class Representative Incentive Payment of up to $5,000 for the Class Representative for her additional participation in the Action.

34. Class Counsel intends to request—and Defendant has agreed not to oppose—that the Court approve an attorneys' fees and costs award for (a) attorneys' fees in an amount up to 25% of the Gross Settlement Amount (or $35,000) and (b) actual

verified costs in the amount of up to $3,000, supported by adequate documentation by Class Counsel.

35.  Class Counsel's motion for approval of the Class Representative Incentive Payment, attorneys' fees, and costs shall be filed by November 8, 2024, and shall be heard during the Final Fairness Hearing.

## X. APPROVAL OF DEFENDANT'S RIGHTS TO WITHDRAW

36.  Defendant has the right, at its sole option, to withdraw from the Agreement if the number of Class Members opting out exceeds 3% of the total number of Class Members. Defendant agrees to notify Class Counsel of any such decision no later than ten (10) calendar days following the opt-out deadline.

37.  These rights to withdraw are material terms of the Agreement and Defendant has the right, at its sole option, to withdraw from the Agreement if either of these material terms are not approved by the Court.

## XI. FINAL FAIRNESS HEARING

38.  There shall be a Final Fairness Hearing to determine whether the Agreement will be finally approved as fair, reasonable, and adequate as to the Class Representative and the Settlement Class. The hearing will take place on December 9, 2024 at 8:30 a.m. in Courtroom 10A of this Court.

39.  Class Counsel and Defense Counsel shall submit a joint [Proposed] Order of Final Approval and Good Faith Determination of Settlement, a joint Motion for Final Approval, and any supporting papers no later than November 8, 2024.

40.  If the Court makes a final determination that the Agreement is fair, reasonable, and adequate as to the Class Representative and Settlement Class, the Court will issue an Order of Final Approval and Good Faith Determination of Settlement.

41.  <u>Effect of Failure to Approve the Agreement</u>. In the event the Agreement is not approved by the Court at the Final Approval stage, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

    a.    All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

    b.    The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action;

    c.    The Agreement and its existence shall be inadmissible to establish any fact relevant to class certification, including whether a class should be certified in a non-settlement context in the Action, whether Plaintiff's counsel should be appointed as Class Counsel and whether Plaintiff should be appointed as Class Representative in a non-settlement context in the Action, any alleged liability of Defendant for the matters alleged in the Action, or for any other purpose;

    d.    Any funds to be awarded under this Agreement shall be returned to Defendant as of the date and time immediately prior to the execution of the Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed, except that any fees already incurred by the Settlement Administrator shall be borne equally by the Parties;

    e.    Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant or Plaintiff on any point of fact or law.

<u>Deadlines</u>. The deadlines set by this Order are as follows:

| Event | Date |
|---|---|
| Deadline for Defendant to Provide Employee List Data to Settlement Administrator | No later than 21 calendar days after the Preliminary Approval Date |

| Deadline for Settlement Administrator to Mail Notice Packet | No later than 14 calendar days after receiving Employee List Data from Defendant |
|---|---|
| Deadline for Class Counsel to File Motion for Class Counsel Award and Class Representative Incentive Payment | November 8, 2024 |
| Response Deadline for Settlement Class members to submit Objection or Request for Exclusion | Postmarked within 45 days after the first postmark date of mailing of the Notice Packets |
| Deadline for Defendant to Withdraw if Requests for Exclusion from the Agreement is at Least Three Percent (3%) | No later than 10 calendar days after the Objection or Request for Exclusion Deadline |
| Deadline for Class Counsel to File Motion for Order Granting Final Approval and Entering Judgment | November 8, 2024 |

**IT IS SO ORDERED.**

DATED: July 15, 2024

*/s/ David O. Carter*

DAVID O. CARTER
United States District Court Judge