1 | Jose R. Garay (SBN 200494)
2 | jose@garaylaw.com
  | **JOSE GARAY, APLC**
3 | 249 E. Ocean Blvd., #814
  | Long Beach, CA 90802
4 | Telephone: (949) 208-3400
  | Facsimile: (562) 590-8400
5 |
  | Attorneys for Plaintiff Teresa Garcia, an individual on behalf of herself and others similarly situated
6 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA GARCIA, an individual, on behalf of herself and others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>ISLAND HOSPITALITY MANAGEMENT III, LLC, a Delaware corporation; and, DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 8:24-cv-00583-DOC-ADS<br><br>*[Assigned to Hon. David O. Carter]*<br><br>**DECLARATION OF JOSE R. GARAY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD**<br><br>Date:     December 9, 2024<br>Time:    8:30 a.m.<br>Crtrm:   10A<br><br>[Orange County Superior Court Case No. 30-2023-01347951-CU-OE-CXC]<br><br>Complaint Filed: September 6, 2023 |

---

GARAY DECL. ISO PLTF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

# DECLARATION OF JOSE R. GARAY

I, Jose R. Garay, hereby declare and state as follows:

1. I am the founder and principal owner of the law firm Jose Garay, APLC, counsel of record for Plaintiff, Teresa Garcia ("Plaintiff," "Garcia", or "Class Representative") and the putative class in this matter. I am duly admitted to practice before all the courts of the State of California and Central District Court. The facts contained herein are within my personal knowledge and, if called to testify, I could and would to the facts set forth below.

2. I make this declaration in support of Plaintiff and Class Counsel's Motion for Attorneys' Fees, Costs, and Service Award.

3. I am a graduate of Southern Methodist University School of Law in Dallas, Texas and I have been practicing law in the State of California since 1999. Since 2001, I have focused on, and specialized in, employment civil litigation and have represented employees as class counsel or co-lead class counsel in hundreds of cases, litigating against top law firms and prosecuting wage and hour cases, including class actions on behalf of employees. Over the years, I have worked substantially on a wide range of wage and hour class action matters handling motion practice, discovery, arguing class certification motions, preparing damage analysis to assess the strengths and weaknesses of claims, preparing mediation briefs, attending mediations, defending class representatives and class members during depositions, among other tasks. In essence, I have been intimately involved in all aspects of litigation from inception to class certification, to settlement, and sometimes to trial.

4. On September 6, 2023, Plaintiff filed her original Complaint against Defendant in the Orange County Superior Court of California, Case No. 30-2023-01347951-CU-OE-CXC, in the County of Orange.

5. On March 19, 2024, Defendant removed this Action to federal court based on jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").

6. On July 15, 2024, this Court granted preliminary approval of the settlement of a class and representative action lawsuit alleging wage and hour violations involving

GARAY DECL. ISO PLTF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

non-exempt employees at hotel locations in California, executed between Plaintiff and Defendant Island Hospitality Management III, LLC ("Defendant") (collectively, Plaintiff and Defendant hereinafter referred to as the "Parties"). In its Preliminary Approval Order, the Court deemed the Settlement "fair, reasonable and adequate and within the range of reasonableness . . . result[ing] from extensive arm's length negotiations . . .". Upon the Court's granting of preliminary approval, Plaintiff's First Amended Complaint ("FAC") was deemed filed.

7. Plaintiff asserts eight causes of action in her FAC: "(1) Failure to Pay All Wages Including Minimum and Overtime Wages §§ 204, 206, 226.2, 226.8, 227.3, 510, 1182.12, 1194, 1194.2, 1197; (2) Failure to Provide Meal Periods in Violation of Labor Code §§ 226.7, 512 and Wage Order 5-2001, § 11; (3) Failure to Provide Rest Periods in Violation of Labor Code §§ 226.7 and Wage Order 5-2001, § 12; (4) Failure to Reimburse for Necessary Business Expenditures; Labor Code § 2802; (5) Failure to Provide Accurate Itemized Wage Statements in Violation of Labor Code §§ 226, 226.3, and 1174; (6) Waiting Time Penalties; (7) Violation of California's Quota Laws, Labor Code §§ 2100, *et seq.*; (8) Unfair Business Practices in Violation of Cal. Bus. & Prof Code §§ 17200, *et seq.*; and (9) Enforcement of the Private Attorneys General Act of 2004." Plaintiff seeks unpaid wages, actual damages, statutory damages, monetary damages, interest, statutory penalties, civil penalties, liquidated damages, restitution, declaratory and injunctive relief, equitable relief, pre-judgment interest, and attorneys' fees and costs.

8. With the same level of diligence and intimacy I handled my other cases, and drawing from my experience in similar cases, I was intimately and substantially involved in every aspect of this case from its inception to the present. I carefully investigated and evaluated the factual strengths and weaknesses of this case in order to assess the class claims, formulate a damages model to support the rationale and conclusions in determining the fairness, reasonableness, and adequacy of this Settlement.

9. Through independent inquiry, research, and informal discovery, I thoroughly and diligently investigated and pursued the class claims. This process has included, but not

been limited to: (1) investigating the claims against Defendant in the Action and also analyzing all applicable defenses raised by Defendant; (2) reviewing demonstrative videos of Defendant's attestation and timekeeping procedures; (3) analyzing work-related text messages the Class Representative claims to have exchanged with supervisors during work hours; (4) analyzing all of the Class Representative's time punch records and payroll records; (5) reviewing data and statistics informally exchanged by Defendant regarding the size of the Class and the number of workweeks potentially at issue; (6) several conferences between myself and Defendant's Counsel, before the Court at the April 15, 2024 Scheduling Conference; and (7) further interviews of the Class Representative and other Class Members, as well as a review of documents provided by the Class Representative and other Class Members.

10. Prior to and during the April 15, 2024 Scheduling Conference in this Action, the Parties engaged in extensive informal settlement negotiations and exchange of information regarding the theories of liability asserted by Plaintiff as to her own individual experiences and those of the Class.

11. Prior to the April 15, 2024 Scheduling Conference, I identified various theories of liability that I believed were unlawful under California law, and requested an informal production of information, such as attestation demonstrative videos which depicted the attestation procedures of Defendant. Defendant agreed to produce, and did produce, various attestation demonstrative videos, which showed that Defendant's attestation process for time worked, and meal and rest periods permitted Class Members to accurately state whether they were or were not provided meal and rest periods and to attest to the accuracy of the hours they worked.

12. At the April 15, 2024 Scheduling Conference, the Court ordered the Parties to engage in extensive in-person settlement discussions, which occurred in the court house over the course of the day. The Parties discussed the scope and size of the putative class members, and discussed Defendant's compliant policies, procedures, and practices. I also raised a new theory underlying the Class Representative's pending California Labor Code

Section 2802 expense reimbursement claim and informally demonstrated work-related text messages allegedly exchanged during work hours with supervisors. Defendant shared information demonstrating that any such expenses were neither necessary nor reasonable, and thus not reimbursable under California law. (*Id.*) Following additional guidance and orders from the Court to continue settlement discussions throughout the day (and potentially leading into the next day, until the Parties could reach a resolution), the Parties engaged in meaningful settlement discussions that yielded an agreement in principle at the April 15, 2024 Scheduling Conference.

13. Thereafter, the Parties spent the next several weeks negotiating the final terms of the Settlement, which represents a compromise and settlement of highly disputed claims, before executing the same in late May 2024.

14. At all times, the Parties' negotiations were adversarial, non-collusive, and at arms' length.

15. The Court provisionally certified the Class for settlement purposes on July 15, 2024, at which time I was designated Class Counsel, Plaintiff was designated as the Class Representative, the Court authorized retention of Phoenix Settlement Administrators as the Settlement Administrator, approved the Notice of Class Action Settlement and proposed notice procedures, and set the Final Approval Hearing for December 9, 2024 at 8:30 a.m.

16. Since preliminary approval was granted, Plaintiff has submitted the proposed Settlement to the LWDA and the LWDA has neither commented upon nor objected to the Settlement.

17. Notice of the Settlement was provided to all 1,535 Class Members in two languages—English and Spanish. Notably, no Class Member has objected to the Settlement, and only one of them has opted out. If the Settlement is finally approved, 1,534 of the 1,535 Class Members' claims (99.93%) will be extinguished. These 1,534 Class Members will receive a proportional share of the $80,000 Net Settlement Amount (an average Individual Settlement Payment of $52.15 per Settlement Class member).

18. The Parties filed a Motion for Final Approval of this non-reversionary

Settlement of $140,000 (Net Settlement Amount of $80,000) for approximately 1,534 Settlement Class Members, which will be heard concurrently as this Motion for Attorneys' Fees by this Court on December 9, 2024.

19. The relief offered by the Settlement is impressive when viewed against the difficulties encountered by Plaintiff and Class Counsel in litigating this matter. Since filing the Action on September 6, 2023, I have worked diligently to prosecute the class claims, engaged in informal discovery with numerous lengthy discussions with Defendant's counsel, and pushed the case efficiently towards resolution, all of which ultimately yielded the instant Settlement.

20. In addition, I worked through numerous hurdles in this case, including the argument that the policies and practices were lawful, and therefore class certification could not be achieved because of individualized inquiries, and other arguments raised by Defendant about the merits of this case.

21. I worked on a contingency basis and incurred litigation costs and expenses. I received no compensation during this time and advanced all expenses on behalf of my client and the Class. I had to marshal my resources in a manner that caused me to pass on other case opportunities to be able to devote the time and resources needed to litigate this case. Further, as Class Counsel, I bore substantial contingent risk, having expended considerable attorneys' hours and expenses, with no guarantee that any of these expenses would be recouped.

22. I was unwavering in my commitment to the case, and I continued to advance whatever costs and expenses were necessary. I believe the skill and determination evidenced by my strategic decisions and legal briefing was essential in bringing Defendant to the table to negotiate a class-wide settlement. My efforts in charting the difficult path posed by this litigation were critical to obtaining the result in this case leading to adequate monetary recovery for the settlement class.

23. The Settlement was largely achieved due to my theories of liability and diligent efforts to convince Defendant that it faced enough risk to make it prudent to pay

$140,000 to settle this case. As such, the benefits of the Settlement support approval of the fees and costs sought in this Motion.

24. Given the time commitment required to develop and pursue Class Representative's and the Class' claims, and to defend and respond to Defendant's vigorous litigation of its defenses, the risk of nonpayment warrants a significant fee award.

25. The requested attorneys' fees can be justified under the lodestar method without applying a multiplier. Moreover, I have an hourly rate that is reasonable in the relevant market as follows: Jose Garay (25 years' experience) $975.00. This hourly rate for experienced counsel is comparable to those approved in other cases in California.

26. My skill and experience also justify the requested rate and lodestar. My practice is limited exclusively to plaintiff's-side employment litigation and focuses on representing employees in wage and hour class action matters such as this one. I have litigated hundreds of wage and hour class actions and have been appointed class counsel or co-class counsel in dozens of those cases, representing hundreds of employees. The requested fees and hourly rates are reasonable and commensurate with my skill and experience.

27. I have dedicated 45.67 hours to my efforts to prosecute this action for a total lodestar of $45,528.25. Based on the request for total fees of $35,000.00 the multiplier requested is .76.

28. The number of hours worked is reasonable considering the work required of me as Class Counsel, which included review of informal discovery, presentation of legal arguments, negotiation of a settlement, reviewing all administrative documentation, and time preparing a motion for preliminary and final approval including this motion for attorney fees. I took a significant risk in prosecuting this case and used my time efficiently to reach a settlement for the class and prepare all settlement documentation. No Class Member objected to the amount of any requested attorneys' fees, which weighs in favor of granting the award of costs and attorneys' fees. Therefore, the $35,000 attorneys' fee award is warranted and reasonable.

29. The Settlement Agreement and Preliminary Approval Order permitted Class Counsel to request reasonable litigation costs and expenses supported by declaration from Class Counsel to be paid from the Gross Settlement Amount.

30. I incurred $3,125 in costs and expenses, which is a fair and reasonable amount. All these costs were necessary, litigation-related, and reasonably incurred in the prosecution of this case. Consequently, I request approval of reimbursement of these costs capped at $3,000.00.

31. The Settlement Agreement and Preliminary Approval Order permitted a $5,000 Service Award for the Class Representative to be paid from the Gross Settlement Amount. The $5,000 Service Award to the named Plaintiff is fair and not the result of improper self-interest. Indeed, federal courts in California frequently award enhancement payments to lead plaintiffs for their efforts in prosecuting a case, recognizing that the important goals of the class action vehicle will best be served if individuals are given reasonable incentives to step forward and represent their co-workers.

32. Moreover, the risk to the Class Representative in this case was significant. Financially, Plaintiff could have been responsible for Defendant's costs if the case was not successfully concluded in her favor. Further, as the party suing Defendant, Plaintiff placed her future employment prospects in peril by becoming a class representative. It is common for employers to screen employee candidates to determine whether they have ever filed a lawsuit, and that employee candidates who might be branded "litigious" are likely to be screened out of the process. Indeed, an entire industry has developed for providing employers with background information on employee candidates. By bringing this action against an employer, Plaintiff has assumed considerable reputational risk that may impact her ability to find employment in the near and distant future. Long after this action is forgotten by Class Members, Plaintiff will have to endure the risk of being branded "litigious" by prospective employers and may have employment applications rejected on that basis alone.

33. Additionally, Plaintiff assisted Class Counsel with investigation of the class

claims by, among other things, gathering relevant information and documents for investigation and discovery, participating in meetings and telephone conferences to discuss Defendant's policies and practices and the experiences of Defendant's employees as they relate to the policies at issue in this case, and further reviewing and discussing the Settlement. Plaintiff was instrumental in procuring evidence in support of the class claims (such as text and video evidence) and connecting Plaintiff's Counsel with potential witnesses.

34. Therefore, the Service Award Payment ($5,000) to Plaintiff as the Class Representative from the $140,000 Gross Settlement Amount is a comparatively small, but reasonable amount and still provides for a reasonable recovery for Settlement Class Members.

35. The Court's Preliminary Approval Order called for Phoenix Settlement Administrators to serve as Settlement Administrators. Plaintiff requests reimbursement of the Settlement Administrator's costs of $13,000, which were incurred pursuant to the Parties' agreement and the Court's Preliminary Approval Order. The Administrator has complied with the requirements to mail the class notice to 1,535 Class Members and track responses, and will distribute the checks after final approval, along with other duties. As such, the Court should permit Phoenix Settlement Administrators to recover the fees and costs it charged in the amount of $13,000 to perform its duties in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 29, 2024 in Coto De Caza, California.

By: _____*/S/ Jose R. Garay*_____
       Jose R. Garay

GARAY DECL. ISO PLTF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD